AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*July 19, 2023*

Nathan Ochsner, Clerk of Court

United States of America
v.
Geoffrey ALBORNOZ
Arbey CANDELO
Carlos RIASCOS
Alex SANCHEZ

*Defendant(s)*

Case No. **4:23-mj-1453**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 18, 2023__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Section 841(b)(1)(A) | did knowingly and intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, ten kilograms or more of a mixture or substance containing a detectable amount of cocaine |

This criminal complaint is based on these facts:
See the affidavit (Attachment A) in support of a Criminal Complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

John T. Bryson, Special Agent
*Printed name and title*

Sworn to by telephone.

Date: 07/19/2023

*Judge's signature*

City and state: Houston, Texas

Christina Bryan, United States Magistrate Judge
*Printed name and title*

**4:23-mj-1453**

<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, John Bryson, being first duly sworn, depose and state the following:

Your affiant, Special Agent John T. Bryson, being duly sworn, deposed and stated as follows:

1. I am a Special Agent of the United States Drug Enforcement Administration within the meaning of Title 18, United States Code § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code § 2516.

2. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). I have been a Special Agent since December 2005. Since this time, and as part of my official duties, I have participated in investigations of narcotics trafficking, money laundering, complex conspiracies, and among other things, have conducted or participated in surveillances, the execution of search warrants, debriefings of informants and reviews of taped conversations. Through my training, education, and experience, I am familiar with the manner in which narcotics traffickers and money launderers conduct their operations, including, but not limited to, their methods of importing and distributing controlled substances, use of telecommunication devices to include cellular telephones, use of counter surveillance techniques, and use of numerical codes and coded and/or cryptic language, words, and references to conduct their transactions.

3. Based upon my training, experience, and participation in controlled substance and money laundering investigations which have resulted from violation of the United States federal drug and money laundering laws, I prepared this Affidavit in support of a criminal complaint charging **Geoffrey ALBORNOZ, Arbey CANDELO, Carlos RIASCOS and Alex SANCHEZ** with violating Title 21 USC §841(b)(1)(A) to wit: to knowingly and intentionally manufacture,

distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, ten kilograms or more of a mixture or substance containing a detectable amount of cocaine.

4. On July 10, 2023, a Confidential Source (hereafter CS), acting at the direction of controlling agents, contacted FNU LNU aka RICHARD (hereafter RICHARD). During the telephonic communication RICHARD and the CS agreed to meet at the Olive Garden restaurant located at 9750 Katy Freeway, Houston, Texas. The purpose of the meeting was to discuss details related to RICHARD purchasing cocaine from the CS. Your affiant and a surveillance team then followed the CS to the Olive Garden where the CS parked his/her vehicle and entered the restaurant. The CS and RICHARD met inside the restaurant and RICHARD agreed to purchase fifteen kilograms of cocaine for $14,500.00 United States Currency (USC). The CS informed RICHARD that he/she would contact RICHARD in a few days when the cocaine was in town and ready for purchase.

5. While the CS and RICHARD were inside the restaurant, your affiant observed Alex SANCHEZ (hereafter SANCHEZ) lay on the ground next to the CS's vehicle and appear to attach something on the undercarriage of the CS's vehicle. Your affiant believes that SANCHEZ attached a tracking device to the undercarriage of the CS's vehicle. Following the arrest of SANCHEZ on July 18, 2023, investigators searched the undercarriage of the CS's vehicle and located a tracking device.

6. On July 18, 2023, at approximately 6:20 pm, the CS informed RICHARD that the cocaine was ready for purchase and the CS would contact RICHARD when he/she had possession of the fifteen kilograms. The CS was then followed by surveillance to the Los Cucos restaurant at 8126 W. Broadway, Pearland, Texas 77581. At approximately 7:15 pm, the CS left the Los Cucos and began traveling toward Houston. After leaving Los Cucos, surveillance observed Carlos

RIASCOS in a brown Ford Explorer, bearing Texas License plate 48F176A, following the CS out of the Los Cucos parking lot. The CS then drove to a Burger King at 4401 W. 18th Street, Houston, Texas, and parked in the lot. While waiting in the lot, surveillance observed RIASCOS drive by the location multiple times. The CS then met Houston Police Officer Mario Valles. Officer Valles was acting in an undercover capacity. The CS followed UC Officer Valles to 1217 W Loop N #140, Houston, Texas. 1217 W Loop N #140, Houston, Texas, is a warehouse that was controlled by law enforcement.

7. After arriving at the warehouse, the CS and UC Officer Valles entered the warehouse with a bag. The CS and UC Valles then secured the exterior door to the warehouse with a pad lock and left the location in UC Valles' vehicle. The CS called RICHARD and told RICHARD that he/she left the fifteen kilograms of cocaine at his/her warehouse and would meet RICHARD to inspect the purchase money. RICHARD asked the CS to meet at 20521 FM 529, Cypress, Texas to inspect the purchase money. The CS agreed and began traveling toward 20521 FM 529, Cypress, Texas.

8. Surveillance of the ware house then observed RIASCOS park his brown Ford Explorer near the warehouse at 1217 W Loop N, Houston, Texas. Geoffrey ALBORNOZ, Arbey CANDELO, and Alex SANCHEZ exited the Ford Explorer and walked to the pedestrian door of #140. They then used a crow bar to break the latch securing the door. ALBORNOZ, CANDELO and SANCHEZ entered the warehouse, broke into a locked room, located what they believed was fifteen kilograms of cocaine on a shelf and placed the kilograms in a bag. ALBORNOZ, CANDELO and SANCHEZ began moving towed the exterior door when Houston Police Officers made their presence known through sirens, lights and verbal commands. ALBORNOZ, CANDELO and SANCHEZ dropped the cocaine and ran out the exterior door where they were

taken into custody. RIASCOS remained in the drivers' seat in the parking lot and was taken into custody by Houston Police Officers.

9. Based on the totality of the foregoing facts and circumstances, I believe that ALBORNOZ, CANDELO, SANCHEZ, and RIASCOS violated Title. 21 USC §841(b)(1)(A): to knowingly and intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, ten kilograms or more of a mixture or substance containing a detectable amount of cocaine; and there is probable cause for the issuance of an arrest warrant for ALBORNOZ, CANDELO, SANCHEZ, and RIASCOS.

*[signature]*
John Bryson
Special Agent
Drug Enforcement Administration

Sworn and subscribed to by telephone this 19th day of July 2023, and I do hereby find probable cause.

*[signature]*
Honorable Christina Bryan
United States Magistrate Judge
Southern District of Texas